18mc91146-
FDS

## IN THE FEDERAL HIGH COURT
## IN THE ABUJA JUDICIAL DIVISION
## HOLDEN AT ABUJA, NIGERIA

## ON FRIDAY THE 16TH DAY OF FEBRUARY, 2018
## BEFORE THE HON. JUSTICE J.T. TSOHO
## JUDGE

SUIT NO.:FHC/ABJ/CS/856/16



BETWEEN:

1. **THE INCORPORATED TRUSTEES OF**
   **ASSOCIATION OF LOCAL GOVERNMENTS**
   **OF NIGERIA (ALGON)**

2. **DR TED ISEGHOHI-EDWARDS**
   (DOING BUSINESS UNDER THE NAME AND STYLE OF EDWARDS &
   PARTNERS LAW FIRM)                          **.... PLAINTIFFS**

AND

1. **FEDERAL GOVERNMENT OF NIGERIA**
2. **THE ATTORNEY GENERAL OF THE FEDERATION**
3. **THE ACCOUNTANT GENERAL OF THE FEDERATION**
4. **MINISTER OF FINANCE**
5. **CENTRAL BANK OF NIGERIA**
6. **SECRETARY TO THE GOVERNMENT OF THE FEDERATION**
7. **INSPECTOR GENERAL OF POLICE**                      **DEFENDANTS**
8. **NIGERIA POLICE FORCE**
9. **DIRECTOR GENERAL, STATE SECURITY SERVICES**
10. **STATE SECURITY SERVICES**
11. **ECONOMIC AND FINANCIAL CRIMES COMMISSION(EFCC)**

## JUDGMENT

The Plaintiffs brought an Originating Summons dated and filed on

28/10/2016, seeking the determination of the following

questions:

CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

FEDERAL HIGH COURT
PAID
0 1 MAR 2018
ABUJA
24021267765

1. Whether the Federal Government or any of its institutions, offices or officers particularly the 1st – 5th Defendants can alter, amend or vary an order or the Judgment of the Court in Suit No.: FHC/ABJ/CS/130/ and Suit No.: CV/1545/15.

2. Whether the Defendants or any other person or group of persons or institution under any name can access funds warehoused in the Central Bank of Nigeria in the name of incorporated Trustees of Association of Local Governments of Nigeria for the local governments pursuant to an order or judgment of Court in Suit No.:FHC/ABJ/CS/130/13 without the prior consent of the incorporated Trustees of Association of Local Government of Nigeria in whose name the funds are warehoused in the Central Bank of Nigeria for Local Governments.

3. Whether the proceeds from Suit No.: FHC/ABJ/CS/130/13 and the Garnishee Order Absolute dated 29th day of June, 2016 as a result of the suit filed by the Incorporated Trustees of the Association of Local Governments of Nigeria



2



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

(ALGON) and others on behalf of the 774 Local Governments in Nigeria for the refund of illegal deductions from Local Governments funds in the Federation Account used for London Club debt buy back and liquidation should be paid into Joint State Local Government Accounts contrary to the Judgment and Order of this Honourable Court mandating that payment should be made to the Local Governments directly.

4. Whether the Ministry of Finance, Accountant General of the Federation or the Central Bank of Nigeria can disburse any sum of money to anyone, group or institution pursuant to the order/judgment of Court in Suit No.: FHC/ABJ/CS/130/13 or any guise without first deducting and paying $318 Million (Three Hundred and Eighteen Million US Dollars) to Edwards & Partners Law Firm in pursuance to Garnishee Order Absolute in Suit No.: CV/1545/15 made on the 3rd day of October, 2016.

They further prayed, upon the determination of those questions, for the following reliefs:



3



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

1. A Declaration that the Federal Government or any of its institutions, offices or officers particularly the 1st – 5th Defendants cannot alter, amend or vary an order or the judgment of the Court in Suit No.: FHC/ABJ/CS/130/13 and Suit No.: CV/1545/15.

2. A Declaration that without the prior consent of the Incorporated Trustees of Association of Local Governments of Nigeria, funds warehoused or standing to the credit of or in the name of any local government or the Incorporated Trustees of Association of Local Government of Nigeria pursuant to the Judgment and an order absolute of Court in Suit No.: FHC/ABJ/CS/130/13 warehoused in the Central Bank of Nigeria in the name of the Incorporated Trustees of Association of Local Government of Nigeria for Local Governments cannot be accessed, spent, tampered with or controlled by any of the Defendants or any other person or group of persons or institution under any name.

3. A Declaration that the proceeds from Suit No.: FHC/ABJ/CS/130/13 and the Garnishee Order

4



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

Absolute dated 29th day of June, 2016 as a result of the suit filed by the Incorporated Trustees of the Association of Local Governments of Nigeria (ALGON) and others on behalf of the 774 Local Governments in Nigeria for the refund of illegal deductions from Local Governments funds in the Federation Account used for London Club debt buy back and liquidation should be paid to the Local Governments directly and not into Joint State Local Government Accounts in accordance to the judgment and order of this Honourable Court mandating that payment.

4. A Declaration that by virtue of the Garnishee Order Absolute made by the Federal High Court in Suit No. FHC/ABJ/CS/130/13, the Ministry of Finance, Accountant-General of the Federation or the Central Bank of Nigeria cannot disburse any sum of money to anyone, group or institution without first deducting and paying as a first line charge the sum of $318 million (Three Hundred and Eighteen Million US Dollars) to Edwards & Partners Law Firm in pursuant to the judgment of the High Court of



5



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

the Federal Capital Territory, Abuja in Suit No.: CV/1545/15 and the Garnishee Order Absolute dated 3rd October, 2016.

5. An Order directing the Central Bank of Nigeria to deduct and pay as a first line charge for the sum of $318 million (Three Hundred and Eighteen Million US Dollars) to Edwards & Partners Law Firm from the proceeds of the Garnishee Order Absolute in Suit No.: FHC/ABJ/CS/130/13 and the judgment of the High Court of the Federal Capital Territory, Abuja in Suit No.: CV/1545/15, before disbursing any sum of money to anyone, group or institution standing to the credit with or warehoused with the Central Bank of Nigeria.

6. An Order directing the 1st, 2nd, 3rd, 4th, 5th and 6th Defendants to give effect to this judgment by obeying the judgment and orders of Court in Suit No.: FHC/ABJ/CS/130/13 and Suit No.: CV/1545/15 respectively.

7. An Order directing the 7th, 8th, 9th, 10th and 11th Defendants to give effect to this judgment by providing all necessary security support to the



6



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

Plaintiffs in securing the proceeds of the judgment and orders of Court in Suit No.: FHC/ABJ/CS/130/13 and Suit No.: CV/1545/15 respectively.

The Originating Summons is supported by a 31 paragraph Affidavit deposed to by Dr. Ted Iseghohi Edwards, the 2nd Plaintiff. It is purported to have been accompanied by a Written Address, which Ikechukwu Ezechukwu, SAN of Learned Counsel to the Plaintiffs purportedly adopted as their arguments in this case, while urging the Court to grant all their prayers.

It is necessary to place on record that the Written Address of the Plaintiffs is described as "purported' because it could not be found in the Court's file at the material time of writing this judgment.

At the point of this discovery, it was too late and not convenient to defer the judgment in order to get the address. Since addresses by parties do not constitute evidence and are merely guides to proper and effective determination of issues, this Court resolved to go ahead with crafting of the judgment, especially as the Questions for determination and the reliefs sought in the



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

Originating Summons are straight – forward and coherently expressed.

From the Court's record, only the 5th and 11th Defendants reacted to this Suit by filing processes, despite there being proof of service of the Originating Processes on all the Defendants. However, on 06/12/2017 when this Suit came up for hearing, one Usman Jibrin Esq. 'sauntered' into the proceedings and requested to be served with a copy of the Originating Processes in order to file a response on behalf of the Inspector-General of Police (7th Defendant) and thereby sought adjournment of the hearing. The Learned Senior Counsel for the Plaintiffs, Ikechukwu Ezechukwu, SAN stoutly opposed the application made by Jibrin Esq. This Court upheld the objection and permitted Ezechukwu, SAN of Learned Counsel for the Plaintiffs to proceed with hearing.

To demonstrate that all the Defendants were well aware of the Suit against them, this Court in its ruling on 06/12/2017 stated thus:

> **"As has been stated by Ezechukwu, SAN, this is not a fresh case and hence it is an absurdity for any of the Defendants to purport to request for service of Originating Processes at this point in time. Indeed as**



8



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

at 9th December, 2016, the 1st and 2nd, 5th and then 11th Defendants were represented by Counsel. The 5th Defendant was again represented on 26/01/2017 and then the 4th and 5th Defendants on 17/02/2017 and 28/03/2017 respectively. This was followed by appearance of Counsel for the 1st and 2nd Defendants, 4th, 5th and 11th Defendants on 25/04/2017 and 01/06/2017 respectively.

The foregoing account is meant to demonstrate that the status of this Case as of present has gone far beyond the question of service of any of the Defendants. Therefore, for Usman Jibrin Esq. to have sought adjournment on that basis shows lack of diligence and good faith, which this Court cannot condone."

In the light of this situation, the Court resolved to consider the Plaintiffs' Originating Summons together with the processes filed by the 5th and 11th Defendants who were not represented in Court for the hearing. The implication of this for the other Defendants is that having refused or neglected to react to the suit, they would be bound by its outcome.

CERTIFIED TRUE COPY
FEDERAL HIGH COURT
ABUJA

9

The 5th Defendant filed a Counter-Affidavit of 18 paragraphs deposed to by one Nnamdi Mbanefo, a Legal Practitioner in the Law Firm of Counsel to the 5th Defendant on 16/01/2017. Filed in support of the Counter Affidavit is a Written Address dated 13/01/2017 but filed on 16/01/2017. These processes are contained at pages 194 – 208 of the Court's Main File.

The 11th Defendant filed a Notice of Preliminary Objection dated 6/1/2017 but filed on 10/1/2017, supported with an 8 paragraph affidavit deposed to on 10/1/2017 by Samson Oloje, and also a Written Address dated 6/1/2017 but filed on 10/10/2017. These processes are found at pages 171 – 179 of the Main File. The 11th Defendant also filed a Counter Affidavit of 14 paragraphs, deposed to on 10/1/2017 by Samson Oloje, which is accompanied by a Written Address dated 6/1/2017 but filed on 10/10/2017. These are found at pages 182 – 192 of the Main File.

It is important to note that the 11th Defendant's Notice of Preliminary Objection was struck out on 06/12/2017, following application by Ezechukwu, SAN of Learned Counsel for the Plaintiffs to that effect. As the 11th Defendant was severally represented in Court by Counsel but he did not bother to argue the objection, it was deemed abandoned.

CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

The 5th Defendant (CBN) in its Written Address in support of its Counter Affidavit in opposition to the Originating Summons, formulated 3 issues for determination as follows:

1. **Whether the 2nd Plaintiff fulfilled the condition precedent to applying and obtaining Garnishee Order Nisi and Absolute against the 5th Defendant.**

2. **Whether the High Court of the Federal Capital Territory has the jurisdiction to entertain and determine an application for and grant Garnishee Order Nisi and Absolute against the 5th Defendant in this Suit.**

3. **Whether the Garnishee Order Nisi and Absolute issued by the High Court of the Federal Capital Territory are void and can be duly set aside by this Court.**

On Issue 1, the 5th Defendant first stated that she is a Government Bank; Bankers Bank and a Government establishment which keeps custody of funds and entitlements of several Banks and other Financial Institutions.  The 5th Defendant further added that the law provides procedures and conditions for instituting and obtaining Garnishee Orders and these conditions were not followed by  the 2nd Plaintiff in obtaining orders Nisi and Absolute at the High Court of FCT.  Cited **Section 84 (1), (2) (3)(a) and (b) of the SCP Act LFN, 2004.**

11



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

According to the 5th Defendant, the 2nd Plaintiff did not seek the consent of the Attorney-General of the Federation before seeking and obtaining the Garnishee Orders Nisi.  Referred **to Governor of Ekiti State V. Prince Jacob Ojooyewo & Anor (2010) LPELR-4216 (CA).**  For the effect of the 2nd Plaintiff's non-compliance with the conditions stipulated in Section 84 of SCP Act, 2004, the 5th Defendant cited **Niger Care Development Company Ltd v. Adamawa State Water Board & Ors (2008) LPELR – 1997 (SC)** and urged the Court to resolve this issue in their favour.

Contrary to the strong contention of the 5th Defendant, this Court has found that the consent of the Honourable Attorney-General of the Federation was granted to the Plaintiffs to commence Garnishee proceedings against the Central Bank of Nigeria.  The consent was conveyed through Exhibit 'C', the copy of a letter dated 24th March, 2014 which is attached to the Affidavit in Support of the Originating Summons.  The said letter is referred to in paragraph 15 of the affidavit in support, wherein it is deposed thus:

> "15. That prior to the commencement of the Garnishee proceedings, the 1st Plaintiff sought



12



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

and obtained the Honourable Attorney-General of the Federation's consent to commence the Garnishee proceedings against the Central Bank of Nigeria.   The said consent letter is hereby attached and marked as Exhibit C."

For the avoidance of doubt, the very material contents of Exhibit 'C' are reproduced herewith:

### OFFICE OF THE HON. ATTORNEY-GENERAL OF THE FEDERATION AND MINISTER OF JUSTICE

Federal Ministry of Justice
Shehu Shagari Way
Maitama, Abuja, FCT
Nigeria.

24th March, 2014

HAGF/CJD/2014/Vol.11/357

Chief Henry Akunebu,
Akunebu, Akunebu & Co.,
No.5 Usman Sarki Crescent,
Behind Golden Astoria Hotel,
Utako, Abuja.

<u>RE: APPLICATION FOR ATTORNEY-GENERAL'S</u>

<u>CONSENT FOR ENFORCEMENT OF JUDGMENT IN THE</u>

<u>MATTER OF INCORPORATED TRUSTEES OF</u>



13



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

## ASSOCIATION OF LOCAL GOVERNMENTS OF NIGERIA (SUING FOR THEMSELVES AND AS PLAINTIFFS REPRESENTATIVES OF ALL THE LOCAL GOVERNMENT COUNCILS AND AREA COUNCILS OF NIGERIA) VS. THE FEDERAL GOVERNMENT OF NIGERIA & 3 ORS.  IN SUIT NO.: FHC/ABJ/CS/130/2013.

I am directed to acknowledge receipt of your application in respect of the above subject matter.

2.   I am to convey the consent of the Honourable Attorney-General of the Federation pursuant to section 84 of the Sheriff's and Civil Act (sic) and to further direct that being a nominal party to the action, the accounts of the Office of the Attorney-General of the Federation and Minister of Justice be exempted, and under no circumstance and for whatever reasons be deemed to be one of the accounts to be attached in the event of attachment.

3.   Accept please, the assurances of the best regards of the Honourable Attorney-General



Signed 

14

**Bola Odugbesan Esq.**
**For: Honourable Attorney-**
**General of the Federation**
**and Minister of Justice.**

It is very clear from the wording of paragraph 2 of Exhibit C that the Honourable Attorney-General of the Federation gave his consent for the enforcement of judgment sought by the Plaintiffs; though with a caveat that accounts of the Office of the HAGF should not be attached. This does not mean the same thing as asserting that there was no consent at all. Therefore, the 5th Defendant's categorical assertion that the 2nd Plaintiff did not seek the consent of the HAGF before applying for Garnishee Orders is misconceived and misleading. Issue 1 for determination in the 5th Defendant's Written Address is hence resolved in favour of the Plaintiffs.

Under Issue 2, it is argued that this Court lacked the Jurisdiction to determine an application and grant Garnishee Orders Nisi and Absolute against the 5th Defendant. Cited **section 251(1)(a) of the CFRN, 1999 and the case of Olabomi & Anor v. Oyewinle & Ors (2013) LPELR-20969(SC).**

It is further argued that neither the High Court of the Federal Capital Territory nor any other State High Court possesses the



15



requisite Jurisdiction to determine Garnishee Proceedings against the 5th Defendant, as those Orders were made without Jurisdiction. Referred to **CBN v. Okeb Nigeria Ltd & Ors (2014) LPELR- 23162 (CA).**

On Issue 3, the 5th Defendant submitted that this Court has the powers to set aside Orders of Courts of co-ordinate Jurisdiction, if the said Orders are a nullity. Cited **Witt and Busch Ltd v. Dale Power Systems Plc (2007) LPELR-3499 (SC).** That the Orders of the High Court of the FCT are susceptible to be set aside with respect to the Garnishee proceedings and Orders made against the 5th Defendant, as they were made without jurisdiction. Referred to **Bello v. INEC & Anor (2010) LPELR -767 (SC).** On the effect of the Orders of the High Court of the FCT, the 5th Defendant Cited **Lemna Energy Resources Ltd v. Musa (2013) LPELR -20367 (CA).**

Issues 2 and 3 canvassed in the 5th Defendant's Written Address obviously challenge the jurisdiction of the FCT High Court to entertain and grant application for Garnishee Order Nisi and Absolute against it, as well as the validity of the said Orders. Firstly, I hold the humble opinion that it is not competent for this Court to question, vary or review the decision of the High Court of the FCT, which is a Court of co-ordinate jurisdiction. **See**



16



CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

**Ogunsola v. Usman (2003) FWLR (Pt. 180) 1465 at 1484 – 1485, paragraphs H – D.**  Therefore, this Court cannot review or sit on appeal over decisions of a Court of co-ordinate jurisdiction.

In the same vein, I hold that this Court cannot nullify the Orders made by the FCT, High Court.

Accordingly, Issues 2 and 3 formulated in the 5th Defendant's Written Address are resolved against the 5th Defendant.

The 11th Defendant formulated 3 Issues for determination in its Written Address thus:

1. **Whether the claim of the Applicant is vexatious or frivolous to grant an injunction against the 11th Defendant(sic).**

2. **Whether the 11th Defendant have(sic) the power to investigate and prosecute an offender.**

3. **Whether the Court can stop the powers of investigation of the 11th Defendant (EFCC).**

On Issue 1, the 11th Defendant first contended that the application of the Applicants is vexatious and frivolous.  Cited in support of this argument is the case of **Nwanne Wulhe v. Nwanne Wulhe (2007) 16 NWLR (Pt. 1059) 1 @ 13 paragraphs D @ Pp. 13 – 14 paragraphs H – A (CA).**  This authority is to the effect that

CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A 

interlocutory injunctions are not granted as a matter of course as some issues have to be considered. The 11th Defendant further contended that an injunction being an equitable relief is granted at the discretion of the Court and the applicant has a duty to satisfy the Court that he is entitled to the relief sought.

According to the 11th Defendant, throughout the affidavit of the Plaintiffs, there is nothing to show that he received any petition or report against him and the 11th Defendant is not bound to prove or put before the Court the existence of those facts purporting a receipt of any report or petition. That the responsibility is that of the Plaintiffs and having failed to establish same; this Court should refuse their application against the 11th Defendant.

On Issue 2, it is argued that the 11th Defendant being a statutory body with the power to arrest, investigate and prosecute offenders of economic and financial crimes and other related offences has the enormous powers to also investigate and prosecute the Plaintiffs having received a report or petition against them which requires them to make explanation. Cited **Sections 6 and 7 of the EFCC Act, 2004 and Amaechi v. INEC & 2 Ors (2008) 5 NWLR (Pt. 1080) 272 @ 307 (per Oguntade, JSC).**

On Issue 3, it is submitted as trite that a Court cannot make orders to restrain the performance of the statutory duties of

18

CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A



investigation and prosecution of any person who is alleged or suspected to have committed a crime. Cited a plethora of cases among which are **Fawehinmi v. IGP (2002) 7 NWLR(Pt. 767) 606 @ 686 – 687; Peter v. Okoye & Anor (2002) FWLR (Pt. 110) 1864 or (2002) 3 NWLR (Pt. 755) 529 and Kalu v. FRN (2014) 1 NWLR (Pt. 1389).**

The 11th Defendant further submitted that any order of Court purporting to restrain the performance of a statutory duty of investigation and prosecution of Crime is incompetent, null and void and of no effect. Referred to **Attorney-General of Anambra State v. Chief Chris Uba (2005) 33 WRN @ 191.** That assuming without conceding that there is a Petition against the Plaintiffs with the 11th Defendant, this Court will not be a shield against the investigation of the Plaintiffs for any alleged wrong. Referred to **Nzewi & Ors v Commissioner of Police (2002) 2 HRLR 156 and A-G., Anambra State vs. Chief Chris Uba (Supra).**

It is my respectful opinion that the issues addressed by the 11th Defendant have no direct bearing with the Questions and Reliefs presented in the Originating Summons. The 11th Defendant in paragraphs 6, 7, 8, 9, 10 and 11 of its Counter Affidavit has averred that it has not received any complaint against nor is it investigating any allegations involving the Plaintiff. In paragraphs

19


CERTIFIED TRUE (   )
FEDERAL HIGH COURT
A.B.U.J.A

2nd March, 2018

The chief deputy Registrar,
federal highcourt,
Court no 2,
Mentema,
Abuja.
sir,

Application for the enrolled order of the court
made on the  16th     of febuary. 2018 In suit
number ~~FHC/ABJ/CS/386~~ FHC/ABJ/CS/856/16 between incorporated trustee of loc-
al goverment of nigeria (ALGON) & Anor, V federal gov-
erment Of Nigeria & 10 ords

we are Solicitors to the plaintiff In the
above named suit.

we humbly apply for the enrolled order of the
judgment of ~~this~~ honorable court made on the 16th day
of febuary 2018 in suit no FCH/ABJ/CS/856/16 between
the incorporated trustee of local goverment of Nigeria
(Algon) & Anor V federal goverment of nigeria & 10 ords.

We undertake to pay neccessary fees.
Thanks

8, 9 and 10 of the Counter Affidavit, it is deposed that the 11th Defendant does not know the Applicants and that the Applicants' action in this Case are mere conjecture and speculation.

The only seeming material point that can be discerned from the entirety of the 11th Defendant's submissions is that no cause of action has been disclosed against it by the Plaintiffs. This much I accept and consequently strike out the name of the 11th Defendant from this suit.

In the light of all the foregoing, Questions 1 – 4 in the Originating Summons are answered in the negative, while Reliefs 1 – 7 are granted, except that the Orders shall not relate to or affect the 11th Defendant.

**J.T. TSOHO**
**JUDGE**
**16/02/2018**

CERTIFIED TRUE COPY
FEDERAL HIGH COURT
A B U J A

2nd Plaintiff present.

Defendants absent.

Ikechukwu Ezechukwu Jnr. with Dressman Ebikebina Desi Esq. for the Plaintiffs.

Chizoba Odanwu (Mrs) for the 3rd Defendant.